{¶ 42} After a thorough review of the record, I dissent from the majority's holding. In the instant case, the trial court overruled Sears' motion to suppress on the basis that although the initial consent provided by Sears was involuntary, the spoons which Officer Neubauer discovered in Sears' breast pocket were metal and could be used as weapons. Thus, under Terry, supra, Officer Neubauer was justified in removing the spoons from Sears' pocket. Once he examined the spoons and observed a white powdery residue as well as black charring on the bottom of the spoons, Officer Neubauer possessed a legitimate basis upon which to arrest Sears for drug paraphernalia and conduct a more thorough search of Sears' person.
 {¶ 43} The majority sidesteps the trial court's finding that the spoons could be used as deadly weapons by holding that the consent to remove the spoons given by Sears was voluntary. Officer Neubauer, therefore, had lawful permission to remove the spoons. Once he became aware that the spoons were being used as drug paraphernalia, he arrested Sears. He was able to then search him more thoroughly, leading to the discovery of contraband in his sock. Based on this finding, the majority affirms the ruling of the trial court which overruled Sears' motion to suppress.
 {¶ 44} While I agree that the initial stop of the vehicle as well as the removal of Sears from the vehicle was lawful, I would not disturb the finding of the trial court that the consent given by Sears to Officer Neubauer was involuntary. Based on the totality of the circumstances, the majority opines that Officer Neubauer did not coerce or threaten Sears in order to obtain his permission to remove the spoons from his pocket. The Fourth andFourteenth Amendments require that a consent not be coerced, by explicit or implicit means, by implied threat or covert force. No matter how subtly the coercion was applied, the resulting "consent" would be no more than a pretext for the unjustified police intrusion against which the Fourth Amendment is directed. Schneckloth, supra. In examining all the surrounding circumstances to determine if in fact the consent to search was coerced, account must be taken of subtly coercive police questions, as well as the possibly vulnerable subjective state of the person who consents. Id. Consent may be vitiated when circumstances indicate that the consent given is more in the form of submission to an agent claiming lawful authority than true voluntary consent. See Bumper (1968), 391 U.S. at 548.
 {¶ 45} It is well settled that "on the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212. This principle applies to suppression hearings as well as to trials. See State v. Fanning (1982), 1 Ohio St.2d 19,437 N.E.2d 583. In determining whether Sears' consent to search was made voluntarily or involuntarily, the trial court was in the best position to judge the credibility of the witnesses.
 {¶ 46} In the instant case, I feel that given the totality of the circumstances surrounding the detention and search, it appears that Sears merely submitted to a claim of lawful authority rather than consenting as a voluntary act of free will. At the point which Officer Nuebauer sought Sears consent to remove the spoons from his breast pocket, Sears had been removed from the vehicle and placed up against Neubauer's police cruiser with his hands cupped behind his head. When these factors are coupled with "a police officer's superior position of authority," a reasonable person would have felt compelled to submit to the officer's requests. State v. Robinette (1997), 80 Ohio St.3d 234,244-245, 685 N.E.2d 762. The events surrounding Officer Neubauer's request to search rendered it impliedly coercive, and thus, involuntary, as the trial court correctly found.
 {¶ 47} The trial court decided that the spoons could be used as weapons, and therefore, Officer Neubauer was correct in removing them. As the majority correctly states, it is the potential of an item's use that justifies its seizure, and spoons lack the inherent properties of a weapon. Officer Nuebauer did not testify that he was concerned that Sears might attack him with the spoons. To hold that spoons or similar items could be utilized as weapons in order to form the basis for a stop and frisk would impermissibly enlarge the scope of Terry. Items commonly kept in pockets, such as pens or a set of car keys could be considered a weapons, thus justifying more and more intrusive searches of detained citizens.
 {¶ 48} As this court stated in State v. Foster (1993),87 Ohio App.3d 32, 621 N.E.2d 843, "we are extremely sympathetic and in complete support of the often heroic efforts by our law enforcement officials to stem and if possible turn back the tide of illicit drugs which seem to be flooding our streets and neighborhoods." However, we are not empowered to suspend constitutional guarantees so that the Government may effectively wage a "war on drugs." Florida v. Bostick (1991), 501 U.S. 429. If that war is to be fought, those who fight must respect the rights of individuals, whether or not those individuals are suspected of having committed a crime. Id.
 {¶ 49} Accordingly, I would reverse the decision of the trial court and sustain Sears' motion to suppress.